ARCHER & GREINER, P.C.
630 Third Avenue
New York, New York 10017
Tel: (212) 682-4940
Allen G. Kadish
Harrison H.D. Breakstone
Email: akadish@archerlaw.com
hbreakstone@archerlaw.com

*Proposed Counsel for 984-988 Greene Avenue Housing Development Fund Corporation, Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

In re:

984-988 GREENE AVENUE HOUSING DEVELOPMENT FUND CORPORATION,

Debtor.

--------------------------------------------------------x

Chapter 11

Case No. 19-40823 (CEC)

**DECLARATION OF JEFFREY E. DUNSTON**
**PURSUANT TO LOCAL BANKRUPTCY RULE 1007-4**

JEFFREY E. DUNSTON, being duly sworn, declares as follows:

1. I am a director of 984-988 Greene Avenue Housing Development Fund Corporation (the "**Debtor**"), a New York not-for-profit corporation.

2. I am acting herein on behalf of the Debtor, and am authorized to submit this Declaration pursuant to the Eastern District of New York Local Bankruptcy Rule 1007-4 in support of the voluntary petition filed.

3. Unless otherwise stated, I have personal knowledge of the facts contained herein. I am aware of the business and financial condition of the Debtor.

4. Unless otherwise indicated, all financial information contained herein is presented on an estimated and unaudited basis.

5. The Debtor is not a "small business debtor" as such term is used under section 101(51)(D) of the Bankruptcy Code.

6. The Debtor is not a "single asset real estate debtor" as such term is used under section 101(51)(B) of the Bankruptcy Code.

7. No other bankruptcy petition has been filed for this Debtor.

8. No committee of creditors has been formed in this case to date.

**Background**

9. The Debtor is a not-for-profit corporation organized under the laws of New York on or about April 1, 1994. The Debtor owns and operates two residential buildings (the "**Buildings**"), totaling 32 units that are over 85% leased:

| Address | Units | Neighborhood |
|---|---|---|
| 984 Greene Avenue, Brooklyn, New York 11221 | 16 | Bedford-Stuyvesant |
| 988 Greene Avenue, Brooklyn, New York 11221 | 16 | Bedford-Stuyvesant |

10. The Debtor's stated purpose upon its organization was, and remains, providing affordable housing units for families of low income in the central sections of Brooklyn, New York (the "**Corporate Purpose**").

11. Northeast Brooklyn Housing Development Corporation ("**NEB**") is the sole member of the Debtor.

12. NEB was incorporated in January 1985 as a 501(c)(3) not-for-profit organization with a mission to provide affordable rental housing to low-income residents of Central Brooklyn, with an initial focus on advocacy through block associations and merchant and tenant organizing.

13. The Debtor is a corporation as defined in subparagraph (a)(5) of Section 102 of the New York Not-for-Profit Corporation Law.

14. The Debtor is organized and operated exclusively for charitable purposes described in section 501(c)(3) of Title 26 of the United States Code that qualify for exemption from federal income taxation under section 501(a) of Title 26 of the United States Code.

15. The Debtor is empowered to do and perform all acts necessary to accomplish the Corporate Purpose including, but not limited to, the execution of such instruments and undertaking as may be required by any governmental body giving financial assistance to the Debtor.

16. The Debtor was not organized for pecuniary profit or financial gain. All income and earnings of the Debtor are to be used exclusively for the Corporate Purpose and no part of the net income or net earnings of the Debtor have inured to the benefit or profit of any member, director, trustee, officer or employee of the Debtor or any private individual, firm, association or entity.

17. Given the Corporate Purpose of the Debtor and its corporate structure, NEB as the Debtor’s sole member manages operations. On behalf of the Debtor, NEB executes administrative, financial and operational functions.

18. A Property Management Agreement and a Janitorial Agreement have been entered into between NEB and the Debtor, under which NEB operates the Buildings and provides maintenance services.

19. The Debtor maintains insurance on the Building, which is current, and intends to preserve such coverage. Proof of insurance will be provided to the United States Trustee.

20. The value of the Buildings as determined for insurance purposes is in excess of $8,000,000.00.

21. The Debtor believes that significant equity remains in the Buildings which can support a refinance and a Chapter 11 reorganization.

**Circumstance Leading to the**
**<u>Commencement of this Chapter 11 Case</u>**

**A. <u>The City of New York Mortgages</u>**

22. The Debtor holds the following mortgages with the City of New York (the "**<u>City</u>**") totaling $937,434.78, as asserted by the City:

(i) Note dated June 2, 2005 for $966,271.00 and mortgage recorded on July 14, 2005 at CRFN 2005000394792; which was modified pursuant to a Mortgage and Note Modification Agreement dated April 1, 2009 entered into with the City for $937,434.78 and recorded on July 20, 2009 at CRFN 20090000221858.

(ii) The City also holds an Enforcement Note in the amount of $920,000.00 dated June 23, 1998 and a mortgage in the same amount recorded on November 10, 1998 at Reel 4318 Page 763, which the Debtor contends has not come due.

23. At some point the Debtor failed to make monthly debt service after attempts to re-finance the mortgage loans failed due to lack of cooperation by City.

**B. <u>The Foreclosure Litigation</u>**

24. On October 31, 2017, the City commenced a commercial foreclosure action in the Supreme Court of the State of New York, County of Kings (the "**<u>State Court</u>**"), against the Debtor and several other parties titled *City of New York v. 984-988 Greene Avenue Housing Development Fund Corporation, New York State Department of Taxation and Finance, New York City Environmental Control Board; City of New York Department of Finance; and "John Does" #'s 1-100* (No. 521091/2017) (the "**<u>Foreclosure Action</u>**").

25. The City commenced the commercial foreclosure action alleging that the Debtor failed to comply with the terms and provisions of the mortgages by failing to pay the monthly debt service due and owing on July 1, 2017, and thereafter.

26. On December 13, 2018, the State Court entered an *Order of Receivership* [NYSCEF Doc. No. 74].

27. Upon information and belief, the receiver appointed therein has not taken any steps in furtherance of its duty.

28. The Debtor believes it can consummate a refinance or restructure transaction within the parameters of Chapter 11 and otherwise rehabilitate its portfolio.

29. In order to avoid the potential disposition of the Building and to allow the opportunity to reposition, refinance and rehabilitate the Buildings, the Debtor files this Chapter 11 case.

**Other Disclosures Required by Local Rule 1007-4**

30. Local Rule 1007-4 requires the Debtor to disclose certain information. The information is outlined below and set forth in the exhibits attached hereto.

31. As required by Local Bankruptcy Rule 1007-4(a)(i), the Debtor is required to set forth whether the debtor is a small business debtor within the meaning of Section 101(51)(D). The Debtor is not a small business debtor under this statute.

32. As required by Local Bankruptcy Rule 1007-4(a)(v), the Debtor must provide a list of the Debtor's twenty (20) largest unsecured creditors. The list is attached hereto as Exhibit "A".

33. As required by Local Bankruptcy Rule 1007-4(a)(vi), the Debtor must provide a list of the Debtor's five largest secured creditors. The list is attached hereto as Exhibit "B".

34. As required by Local Bankruptcy Rule 1007-4(a)(vii), the Debtor must provide a summary of the Debtor's assets and liabilities. Attached as Exhibit "C" is the Debtor's Balance Sheet, which reflects the Debtor's assets and liabilities.

35. As required by Local Bankruptcy Rule 1007-4(a)(viii), the Debtor is required to disclose whether any of its securities are publicly held. The Debtor has no publicly traded securities.

36. As required by Local Bankruptcy Rule 1007-4(a)(ix), the Debtor is not aware of any property being held in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for any such entity.

37. As required by Local Bankruptcy Rule 1007-4(a)(x), the Debtor must provide a list of the premises owned, leased or held under any other arrangement from which the debtor operates its business. The Debtor owns the Buildings described above.

38. As required by Local Bankruptcy Rule 1007-4(a)(xi), the Debtor must provide a list of the locations of the Debtor's significant assets, books and records. The Debtor's main assets are the Buildings. The Debtor has a bank account with Bank of America. The Debtor's books and records are located with NEB at 132 Ralph Avenue, Brooklyn, New York 11233.

39. As required by Local Bankruptcy Rule 1007-4(a)(xii), the Debtor must provide the nature and present status of each action or proceeding, pending or threatened, against the debtor or its property where a judgment against the debtor or a seizure of its property may be imminent. Attached hereto as Exhibit "D" is a schedule of lawsuits currently pending where the Debtor is a party. The Debtor intends to add additional items as necessary.

40. As required by Local Bankruptcy Rule 1007-4(a)(xiii), the Debtor must provide the names of the debtor's existing senior management, their tenure with the debtor, and a summary of their relevant responsibilities and experience. As of February 11, 2019, the directors of the Debtor are as follows:

> Jeffrey Dunston, 24 years – Director of the Debtor and oversees the management and operation of the entity. Has over 25 years of

> experience in the field of community, economic and real estate development that has resulted in community assets totaling $150MM. Mr. Dunston is also chief executive officer of NEB.
>
> Elliott Robinson, Jr., 24 years – Director of the Debtor and is responsible for oversight of financial operations, which includes reviewing, approving and issuing checks, and reviewing audits. Mr. Robinson is a retired union organizer and experienced board member. Mr. Robinson is also chair or member of local community based boards.
>
> James Henry, 24 years – Director of the Debtor and is the secretary. Mr. Henry is responsible for reporting financial, board matters and other operational information. Mr. Henry is also a founding board member of several other local organizations with missions that focus on community development and quality of life programming.

41. As required by Local Bankruptcy Rule 1007-4(a)(xiv), the Debtor must provide the estimated amount of weekly payroll. The Debtor maintains no weekly payroll.

42. As required by Local Bankruptcy Rule 1007-4(a)(xv), the Debtor must provide the amount paid and proposed to be paid to officers and directors for services for the 30-day period following the filing of the Chapter 11 petition. The Debtor will pay no officers and directors during the 30-day period following date of the Order for Relief.

43. As required by Local Bankruptcy Rule 1007-4(a)(xvi), the Debtor must provide a schedule for the 30-day period following the filing of the Chapter 11 petition, of estimated cash receipts and disbursements, net cash gain or loss, obligations and receivables expected to accrue but remaining unpaid, other than professional fees, and any other relevant information. Given the Balance Sheet filed herewith as Exhibit "C" the estimated monthly receipts and disbursements are approximately $39,067.93 and $15,713.85, respectively.

44. As required by Local Bankruptcy Rule 1007-4(a)(xvii), the Debtor must provide additional information that may be necessary to fully inform the Court of the Debtor's rehabilitation prospects. The Debtor intends to supplement this filing with any information it

believes would be necessary or helpful to fully inform the Court of the Debtor's rehabilitation prospects.

I hereby declare, under penalty of perjury, pursuant to section 1746 of title 28 of the United States Code, that the foregoing is true to the best of my knowledge, information and belief.

Dated: New York, New York
February 12, 2019

Jeffrey E. Dunston
*Director of 984-988 Greene Avenue Housing Development Fund Corporation*

INDEX OF EXHIBITS

Exhibit “A” – Debtor’s Twenty (20) Largest Unsecured Creditors

Exhibit “B” – Debtor’s Five Largest Secured Creditors

Exhibit “C” – Balance Sheet

Exhibit “D” – Schedule of Lawsuits

EXHIBIT "A"

DEBTOR'S TWENTY (20) LARGEST UNSECURED CREDITORS

| Name of creditor and complete mailing address, including zip code | Nature of Claim | Amount of Claim | C U D (If contingent, enter C; if unliquidated, enter U; if disputed, enter D.) |
|---|---|---|---|
| NYC Water Board<br>PO Box 11863<br>Newark, NJ 07101-8163 | Trade debt | $283,629.78 | n/a |
| NYC Department of Finance<br>100 Gold Street<br>New York, NY 10038 | Taxes | $279,027.16 | n/a |
| NYC Department of Finance<br>100 Gold Street<br>New York, NY 10038 | Taxes | $19,942.47 | n/a |
| County Oil Company Inc.<br>65 South 11th Street, Suite 1E<br>Brooklyn, NY 11249 | Trade debt | $11,935.50 | n/a |
| Home Depot Credit Service<br>PO Box 9055<br>Des Moines, Iowa 50368 | Trade debt | $9,552.46 | n/a |
| Borinquen Exterminating Company Inc.<br>435 Fort Washington Avenue, Suite 2H<br>New York, NY 10033 | Trade debt | $9,459.00 | n/a |
| J. Alam Home Improvement, Inc.<br>230 Ocean Parkway, Apt D8<br>Brooklyn, NY 11218 | Trade debt | $9,000.00 | n/a |
| Falcon Power Installers<br>953 E. 85th Street<br>Brooklyn, NY 11236 | Trade debt | $7,280.76 | n/a |
| S.D.L. Appliance Repair Service<br>727 Schenck Avenue<br>Brooklyn, NY 11207 | Trade debt | $6,006.28 | n/a |
| NYC Commissioner of Finance<br>P.O. Box 2307<br>New York NY 10272 | Taxes | $4,425.82 | n/a |
| NEBHDCo<br>132 Ralph Ave.<br>Brooklyn, NY 11233 | Contract arrears | $3,098.52 | n/a |
| ConEdison<br>JAF Station<br>P.O. Box 138<br>New York, NY 102766-0138 | Trade debt | $2,421.80 | n/a |
| Eldon V. Lessie<br>292 Midwood Street, B5<br>Brooklyn, NY 11225 | Trade debt | $890.00 | n/a |
| NYC Fire Department<br>Church Street Station<br>P.O. Box 840<br>New York, NY 10008-840 | Trade debt | $405.00 | n/a |

| | | | |
|---|---|---|---|
| Advantage Wholesale Supply<br>172 Empire Boulevard<br>Brooklyn, NY 11225 | Trade debt | $299.30 | n/a |
| Mobilink Wireless<br>73-02 Northern Blvd.<br>Jackson Heights, NY 11372 | Trade debt | $145.82 | n/a |
| BXTERMINATOR<br>625 Southern Boulevard, Suite 1A<br>Bronx, NY 10455 | Trade debt | $140.00 | n/a |
| Sperber Denenberg & Kahan, P.C.<br>48 West 37th Street, 16th Fl.<br>New York, NY 10018 | Professional services | $125.00 | n/a |

EXHIBIT "B"

DEBTOR'S FIVE LARGEST SECURED CREDITORS

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of Lien | Amount of Claim | C U D (If contingent, enter C; if unliquidated, enter U; if disputed, enter D.) |
|---|---|---|---|---|
| The City of New York<br>Department of Housing Preservation and Development<br>100 Gold Street<br>New York, New York 10038 | Department of Housing Preservation and Development<br>Attn: Marc S. DeMilt<br>100 Gold Street, Room 5-W2<br>New York, New York 10038 | Mortgage | $937,434.78 as of 6/20/09 | C, U, D |

EXHIBIT "C"

BALANCE SHEET

984-988 Greene Avenue, HDFC (gre)

## Balance Sheet

Period = Jan 2019

Book = Accrual ; Tree = ysi_bs

| | | Current Balance |
|---|---|---|
| **10000** | **ASSETS** | |
| **11000** | **CASH IN BANKS** | |
| 11010 | Operating Account | 7,868.42 |
| 11030 | Operating Reserve - ML | 8,378.14 |
| 11040 | Replacement Reserve - ML | 14,418.14 |
| 11050 | Tenant Security Deposit | 23,799.47 |
| 11100 | Cash Transfer | 15,000.00 |
| 11105 | Bank Intransit | 826.57 |
| **11499** | **CASH IN BANKS** | **70,290.74** |
| **13000** | **RENT RECEIVABLE** | |
| 13010 | Residential Rent Receivable | 256,218.14 |
| 13011 | Contra Residential Rec. | 14,386.70 |
| 13019 | Accts Rec - Suspense | 5,291.06 |
| 13020 | Residential Subsidy Receivable | 9,409.45 |
| 13031 | Contra Residential Recev. Subsidy | 2,660.13 |
| 13060 | Allowance for Uncollectable | 20,075.25 |
| 13080 | Subsidy Check Holding | 1,424.07 |
| **13499** | **TOTAL RENT RECEIVABLE** | **255,884.04** |
| **14000** | **INTERCOMPANY RECEIVABLE** | |
| 14010 | D/T-D/F Aikens Apartments, HDFC | -30,000.00 |
| 14020 | D/T-D/F Alberta Woods, HDFC | -33,925.21 |
| 14070 | D/T-D/F Clarence J. Nell, HDFC | -66,583.35 |
| 14230 | D/T-D/F NEBHDCO (General) | -184,764.81 |
| 14260 | D/T-D/F Raymond Ballard Apartments, HDFC | -124,625.00 |
| **14499** | **TOTAL INTERCOMPANY RECEIVABLE** | **-439,898.37** |
| 16030 | Utilities Deposit | 1,325.00 |
| 16120 | D/T Operating Reserve | 2,400.00 |
| 16130 | D/T Replacement Reserve | 1,920.00 |
| **16499** | **TOTAL OTHER CURRENT ASSEST** | **5,645.00** |
| **17000** | **FIXED ASSETS** | |
| 17010 | Appliance | 39,729.88 |
| 17020 | Building | 920,000.00 |
| 17050 | Building Improvement - Residential | 1,386,200.50 |
| 17130 | Accumulated Depreciation | -1,190,580.26 |
| **17499** | **TOTAL FIXED ASSETS** | **1,155,350.12** |
| **19999** | **TOTAL ASSETS** | **1,047,271.53** |

984-988 Greene Avenue, HDFC (gre)

# Balance Sheet

Period = Jan 2019

Book = Accrual ; Tree = ysi_bs

| | | Current Balance |
|---|---|---|
| **20000** | **LIABILITIES** | |
| | | |
| **21000** | **CURRENT LIABILITIES** | |
| 21010 | Accounts Payable | 657,803.55 |
| 21012 | Contra A/P | -275,929.60 |
| 21021 | A/P Contra HPD Mortgage | -298,969.63 |
| 21030 | Accrued Interest | 77,442.07 |
| 21036 | Water, Sewer & RE Tax | 217,135.53 |
| 21039 | Accrued Management Fees | -11,855.58 |
| 21040 | Tenant Deposit Payable | 22,745.83 |
| 21041 | Accrued Janitorial Fees | -23,619.63 |
| 21050 | Tenant Deposit Interest Payable | -44.73 |
| 21060 | Tenant Deposit Clearing | -99.77 |
| 21070 | Prepaid Rental Income - Cash Basis | 1,374.90 |
| 21080 | Prepaid Subsidy Income | 1,143.55 |
| 21082 | Prepaid Rent - Contra | 14,086.93 |
| **21499** | **TOTAL CURRENT LIABILITIES** | **381,213.42** |
| | | |
| **23000** | **BUILDING LOANS PAYABLE** | |
| 23010 | Mortgage Principal HPD | 920,000.00 |
| 23110 | NYC HPD Loan 8800810340 | 878,085.13 |
| **23499** | **TOTAL BUILDING LOANS PAYABLE** | **1,798,085.13** |
| **29999** | **TOTAL LIABILITIES** | **2,179,298.55** |
| | | |
| **30000** | **EQUITY** | |
| 30020 | Net Assets, Limited Partnership Equity | -1,072,252.31 |
| 30050 | Retained Earnings | -62,333.09 |
| 30060 | Unrealized gain/loss on Security Investment | 2,558.38 |
| **39999** | **TOTAL EQUITY** | **-1,132,027.02** |
| | | |
| | **TOTAL LIABILITIES & EQUITY** | **1,047,271.53** |

EXHIBIT "D"

SCHEDULE OF LAWSUITS

| CAPTION OF SUIT | CASE NUMBER | NATURE OF PROCEEDING | COURT & LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|---|
| City of New York v. 984-988 Greene Avenue Housing Development Fund Corporation, New York State Department of Taxation and Finance, New York City Environmental Control Board; City of New York Department of Finance; and "John Does" #'s 1-100 | Index No. 521091/2017 | Foreclosure | Kings County Supreme Court | Stayed |